The Chancellor.
This demurrer is sought to be sustained on several grounds, — for want of equity in the bill, because the complainants are improperly joined as parties, and because several of the defendants are not proper parties to the suit.
The two complainants are attaching creditors. They have taken out separate attachments, and each of them has attached the property which is in controversy. Michenor, one of the demurrants, is the defendant in attachment. Riley holds the title to the disputed property. Meyer, the other demurrant, is a judgment creditor of the defendant in attachment. The other defendants in the suit are, some of them, judgment creditors, and others have proved their claims, and have been admitted as creditors under one or the other of the attachments.
Michenor entered into a written contract for the purchase of several tracts of land in the county of Atlantic, lie entered upon the land, and made very extensive and valuable improvements on it. In consequence of the money expended in making the improvements, he became embarrassed. The bill charges, and we must take the fact as true, that becoming thus involved, he conceived the fraudulent design of defeating, hindering, and delaying his creditors, and for this purpose procured a conveyance of the laud, of which he was in possession under contract of purchase, to be conveyed to the defendant, *522 Harlan, who now holds the title to the same in trust for Michenor. The object of this bill is simply to subject that land to the full operation and benefit of the attachments.
On behalf of the demurrants, it is insisted that there is no equity in the bill. It is said that the property, or rather the interest which the defendant has in the property, is not the subject of attachment; that it is a mere equity, which cannot be attached. .If this is correct, then this bill cannot stand, because it is filed only in aid of the suit at law, and for the purpose of making the lien which the complainants have, at law, available by removing any impediments which have been unlawfully put in the way to embarrass or defeat the lien, which has been acquired by the legal process.
I cannot doubt but that the interest which Michenor has in this land is the subject of attachment. It is not denied that if Michenor had conveyed the land, himself, to Harlan, for the fraudulent purpose of protecting it from his creditors, the land might have been attached as the land of Michenor. But it is said, in that case, the deed being void as against creditors, the removal of the fraudulent conveyance would leave the title in the debtor, subject to the attachment; but if the deed, which in this case is alleged to be fraudulent, should be removed, still Michenor would have no legal title, it never having at any time been in Mm. But a debtor cannot, in this way, protect his property from his creditors. The difficulty suggested does indeed embarrass the creditor, but the fraud of the debtor should not, because it is skilfully contrived, he permitted to be successful. If the interest which the defendant has in this property can be made available to satisfy his debts, without violating any settled principle of law, it ought to be considered subject to the attachment. It was the intention of the act to subject all the property of the debtor, of every description, to the attachment. Why should not the property be liable ? It is the property of the debtor. The only answer which can be *523 given is, that the skill which the debtor has exercised in securing the title for his own benefit, and against the legal process of his creditors, entitles it to the immunity which is demanded. The fraud is admitted by the demurrer. The defendant in attachment should not be permitted to set up a technical difficulty as to the title, or to plead that he had placed the title to his property in such a position as to leave in him an equitable claim only, and thus to avail himself of the benefit of his fraud. The defendant’s fraud should not be permitted to protect his property against the attachment. I think the interest of the defendant in the land is liable to the attachment.
It is insisted further, if the defendants’ interest in the land is liable to the attachment, then there is no necessity for this bill, because that interest will be sold by the auditors under the judgment, and thus be made available without the aid of this court. The object of this bill is not to enable the auditors to sell the property. It is true they can do this without the aid of a Court of Chancery. The aid of this court is sought to disembarrass the title of the difficulties which the debtor has thrown around it, for the purpose of defrauding his creditors. If the auditors should sell as the title now stands, with the defendants’ interest in the property uncei’tain and a matter of controversy, and with claims upon it unadjusted, it is manifest the property must be sacrificed. This court can relieve the title of all such difficulties. It can adjust all claims upon the property, and secure their payment. It can ascertain what interest the defendant has in the property, and what portion of it ought legally and equitably be sold under the attachment. It is for the benefit of all parties interested that this should be done before the property is sold. It can be done only by this court. This court, alone, can make the attachment of auy real advantage to the creditors. Its aid is properly invoked to assist the complainants in their legal remedy.
It is said that the injunction is of no use, and is super *524 fluous; that the attachment answers every purpose of the injunction, since the act declares that the party purchasing at the auditors’ sale takes all the right of the defendant in attachment “ at and before the time when the attachment became a lien on the estate.” The title to the property is in Charles Harlan. A purchaser from Charles Harlan would not be bound to look upon the record anywhere else than through the channel which Harlan claims. There is nothing to direct his attention to Michenor, unless it is the mere fact of his being in possession. This kind of notice has so much uncertainty about it as to afford but little protection to any one. Suppose a purchaser was to apply to Michenor in possession, and that he should tell him ho had no title, would the inquirer be bound to go any further? I think the injunction is proper, if the bill has any equity in it, and can be maintained. If the relief prayed for should be granted, it is right to protect the property until the relief is afforded.
Another question raised is, that the complainants, as attaching creditors, have no such lien upon the property as entitles them to a standing in a court of equity. This point was fully considered in the case of Hunt et al. v. Field et al., 1 Stockton 36, and must rule this case. It was suggested that there would be great embarrassment in ascertaining the particular relief to be granted. Keeping in view the object of the bill, which is simply to relieve the property, so that Miehenor’s interest in it may be sold without embarrassment, and the proceeds applied’ to the payment of his debts, I think there can be no difficulty as to the relief the complainants are entitled to. Upon this bill, as it now stands with the fraud confessed, all that would be necessary would be to ascertain the liens and encumbrances upon the property prior to the attachments. The court might then decree that the auditors should sell the property subject to these encumbrances, or the decree might be, that the property should be sold by a master, and after payment of the encumbrances *525 prior to the attachments, that the surplus should he paid to the auditors, to be distributed according to law.
As to the parties — I think the complainants are properly joined. They both have liens upon the property. If the courts at law suffer them both to proceed, I do not see how this court can interfere. The mortgage and judgment creditors are necessary parties. Having liens upon the property, they have a right to be heard, and to have their liens protected. The creditors who have come in under the attachments are not necessary parties. The complainants represent them. The suit is for the benefit of all creditors who may come in under the attachments. They have an interest in the suit, and are not improperly made parties, though not necessary parties.